UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-134-GNS-HBB

PEPPY MARTIN                                                                                           PLAINTIFF

v.

CITIMORTGAGE, and
FARM CREDIT SERVICES OF MID-AMERICA                            DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' Motions to Dismiss. (DN 5, 10). Farm Credit Services of Mid-America ("Farm Credit") moves for dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), for insufficient service of process under Fed. R. Civ. P. 12(b)(5), and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Citimortgage seeks dismissal of Plaintiff's claims for similar reasons under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Further, Farm Credit moves to strike portions of Plaintiff's response to Citimortgage's motion to dismiss. (DN 15). The Court will also address Plaintiff's several other motions. Because the Court finds it lacks jurisdiction, the motions to dismiss (DN 5, 10) are **GRANTED**. All other motions are **DENIED**.

                      I.         **SUMMARY OF FACTS AND CLAIMS**

Plaintiff Peppy Martin ("Martin") seeks redress for alleged fraud; violations of the "Truth in Lending" Act ("TILA"), 15 U.S.C. § 1603; and violations of the National Mortgage Settlement Agreement (DN 1 ¶ 7). (DN 1 ¶¶ 1, 5, 7).

1

In 2000, Martin bought several parcels of land in Hart County, Kentucky. (DN 1 ¶ 1). Her primary residence sits on one ten-acre parcel. Contiguous with this parcel, Martin owns an additional 88.6 acres of farmland including outbuildings and other improvements.

In 2003, Plaintiff borrowed $202,500 from Farm Credit which was secured by a mortgage on her property. (DN 1 at 3). She contends that while the mortgage included the entire 98.6 acres, it should have included only the ten-acre residential parcel. Martin has alleged that this mortgage was sold to Citimortgage in 2007. (DN 1 at 3). As alleged in the Complaint, she received an additional $152,517 loan from Farm Credit in 2007 for which she pledged the entire property as collateral. (DN 1 at 3). Farm Credit filed for foreclosure on this property in December 2009, and Citimortgage foreclosed in August 2010. (DN 7 at 9).

## II. DISCUSSION

### A. Motions to Dismiss[1]

Fed. R. Civ. P. 8(a) requires plaintiffs to state in their complaint the grounds for jurisdiction. Plaintiff filed this Complaint without an attorney or "pro se." "[P]ro se complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys." *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 358 (6th Cir. 2012). Where no jurisdictional facts are in dispute, motions to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) are analyzed similarly. A court takes the allegations in the complaint as true and makes a determination whether jurisdiction exists pursuant to the Rule 12(b)(1) aspect of the motion, or whether a claim has been stated pursuant to the Rule 12(b)(6) aspect. *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320 (6th Cir. 1990). When jurisdictional facts are disputed, however, a court weighs the evidence and makes a factual determination. *Id.* at 325. In such situations, "a

---

[1] Because Defendants assert similar grounds for dismissing the claims against them, their motions are analyzed together.

trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id*. In this case, there does not exist complete diversity which requires dismissal for lack of jurisdiction.

Under 28 U.S.C. § 1332, district courts have original jurisdiction over controversies between citizens of different states exceeding $75,000. "Since [1806]" the Supreme Court "ha[s] read the formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Section 1332 also specifies that corporations be deemed citizens "of every state . . . by which it has been incorporated." 28 U.S.C. § 1332(c)(1). Thus, diversity jurisdiction is unavailable as the parties are not completely diverse.

In Martin's response to Farm Credit's Motion to Dismiss, Plaintiff argues Farm Credit is not a citizen of Kentucky because loan payments were mailed to an address in Indiana. (DN 7 at 16). This argument, however, ignores the statutory provision defining Farm Credit's citizenship. That statutory definition provides:

> Each institution of the [Farm Credit] System shall for the purposes of jurisdiction be deemed to be a citizen of the State, commonwealth, or District of Columbia in which its principal office is located.

12 U.S.C. § 2258. This branch of Farm Credit has its principal office in Louisville, Kentucky, as provided in its Charter. (Ex. A, DN 5-3). Because both Plaintiff and one of Defendants, Farm Credit, are citizens of Kentucky, the Court cannot exercise diversity jurisdiction over this dispute.

To the extent that diversity jurisdiction existed, Martin's fraud claims would be time-barred. The Complaint alleges the Citimortgage loan was consummated on January 20, 2003. (Compl. 3). The Farm Credit mortgage was consummated on August 12, 2007. (Compl. 3). Martin did not file this lawsuit until September 24, 2014. Because Plaintiff alleges the fraud

occurred before any mortgages were signed, Kentucky's five year statute of limitations for fraud claims would bar her claim. *See* KRS 413.120(12).

Martin alleges violations of TILA and the National Mortgage Settlement Agreement. In raising this claim, however, Plaintiff does not articulate how she has standing to assert a violation of the Settlement Agreement because it was a consent judgment. "[A] well-settled line of authority from [the Supreme] Court establishes that a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it." *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975) (citations omitted). As Martin has neither alleged nor likely could she plausibly be a party to that consent judgment, she has no standing to contest it in this action even if this Court had jurisdiction.

Martin's TILA claims against Defendants are barred by the statute of limitations. TILA claims must be brought within one or three years from the date of the occurrence, depending on the nature of violation alleged. 15 U.S.C. § 1640(e). The date of the occurrence, for allegations of non-disclosure, is the date on which the contract extending credit was signed. *Wachtel v. West*, 476 F.2d 1062, 1065 (6th Cir. 1973). Thus, regardless of whether the one or three-year statute of limitations applies, Plaintiff's claims were filed after the limitations period. Accordingly, Plaintiff's TILA claims would be time-barred if diversity jurisdiction existed in this Court.

Because this Court finds Farm Credit to also be a citizen of Kentucky, complete diversity is lacking. To the extent that jurisdiction were proper, Plaintiff's state-law fraud and TILA claims would be also barred by the statute of limitations, and she would lack standing to assert claims under TILA and the National Mortgage Settlement Agreement. Because Plaintiff's federal

claims are also time-barred, this Court lacks both federal question and diversity jurisdiction. As such, the Court lacks subject matter jurisdiction, and the motions to dismiss are GRANTED.

        B.        **Motion to Strike**

Farm Credit further moves to strike (DN 15) the portions of Martin's response to Citimortgage's motion to dismiss as they relate to Farm Credit pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), courts may strike "insufficient defense[s]," or portions of pleadings deemed "redundant, immaterial, impertinent, or scandalous." The rule further provides:

> Under Fed. R. Civ. P. 12(f), a court may strike only material that is contained in the pleadings. Fed. R. Civ. P. 7(a) defines pleadings as "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served." Exhibits attached to a dispositive motion are not "pleadings" within the meaning of Fed. R. Civ. P. 7(a) and are therefore not subject to a motion to strike under Rule 12(f).
>
> *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006).

In this case, the motion to strike seeks to rid the record of certain scandalous accusations Plaintiff makes in her response to a motion to dismiss, not a pleading. While Farm Credit's desire to rid the record of unsupported allegations is understandable, these allegations are not contained in the pleadings and are an improper subject for a Rule 12(f) motion. Accordingly, the motion to strike (DN 15) is DENIED. Citimortgage's motion to strike (DN 38) is similarly DENIED.

        C.        **Motion for Leave to Amend Complaint**

Plaintiff has filed two motions seeking leave to amend the Complaint under Rule 15. (DN 24, 31). She has also filed a motion "to include additional violations of truth in lending against Citimortgage." (DN 65). In liberally construing a *pro se* plaintiff's filing, this Court construes this filing as an additional motion for leave to amend. While *pro se* Plaintiff has not styled any of

5

these motions prototypically, the Court construes them as motions to amend under the appropriate rule, Fed. R. Civ. P. 15(a).

Under this rule, parties wishing to amend their complaint more than 21 days after a responsive pleading has been filed must seek the court's permission. Fed. R. Civ. P. 15(a). "Requesting leave to amend under Fed. R. Civ. P. 15(a) is governed by Fed. R. Civ. P. 7(b), which requires that a motion 'shall state with particularity the grounds therefor . . . .'" *Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006) (citation omitted).

Plaintiff's first two motions to amend are insufficiently particularized to satisfy Fed R. Civ. P. 7(b). (DN 24, 31). In the first, while she reiterates her previous allegations of fraud and conclusively states the proposed additional defendants were "co-conspirators and willing participants," (DN 24-2 at2), Plaintiff offers no additional factual allegations. Plaintiff appears to have named all participants involved in the parallel state suit (including the "Judicial Branch of Kentucky") in this motion, merely reiterating her previous allegations. (DN 24-2). The other motion seeks to add the Farm Credit Administration and Comptroller of the Currency for failure to supervise bank defendants. (DN 31). Conclusory legal statements are not sufficient particularity under Rule 7(b). These two motions are DENIED for failure to particularize.

While alleging additional facts, Martin's final motion to amend (DN 65) is futile. Plaintiff claims prohibited harassment under TILA, citing "15 USCS n. 162d." While this statute does not exist, she appears to be referring to 15 U.S.C. § 1692(d). That provision prohibits "a debt collector [from engaging] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The term "debt collector" does not include a collection action that "concerns a debt which was not in default at the time it was obtained by such person . . . ." 15 U.S.C. § 1692a(6)(F)(iii). As alleged in the

6

Complaint, Citimortgage acquired her mortgage in 2007, well before Plaintiff's 2010 default. *Accord Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 457 (6th Cir. 2013). As such, Citimortgage is not a debt collector under this provision and is not subject to its prohibitions. Because this request for leave to amend is futile, it is DENIED.

### D. Motion for Federal Injunction

Lastly, Martin has filed a "motion for federal injunction." (DN 43). Under 28 U.S.C. § 2283, federal courts "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." In the single sentence of Plaintiff's motion, she fails to explain how any of the exceptions to Section 2283 might be met and none are obvious to the Court. Accordingly, the Motion for Federal Injunction (DN 43) is DENIED.

### III. CONCLUSION

For the reasons outlined above, **IT IS HEREBY ORDERED** as follows:[2]

1. Defendant Farm Credit Services of Mid-America's Motion to Dismiss (DN 5) is **GRANTED**;

2. Defendant Citimortgage's Motion to Dismiss (DN 10) is **GRANTED**;

3. Defendant Farm Credit Services of Mid-America's Motion to Strike (DN 15) is **DENIED**;

4. Citimortgage's Motion to Strike (DN 38) is **DENIED** as moot

5. Plaintiff's Motions for Leave to Amend Complaint (DN 24, 31, 65) are **DENIED**;

---

[2] Plaintiff has also filed various objections with the Court which need not be addressed individually.

6. Plaintiff's Motion for Federal Injunction (DN 43) is **DENIED**; and

7. Farm Credit's Motion for Hearing (DN 35) is **DENIED** as moot.

**SO ORDERED.**

Greg N. Stivers, Judge
United States District Court

March 26, 2015

Cc: *Pro se* Plaintiff
Counsel of record